IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEMETRIUS A. CULVER, # 171277, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 1:19-cv-18-WHA-CSC |
| ) | (WO) |
| DEBORAH TONEY, *et al.,* ) | |
| ) | |
| Respondents. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is Alabama inmate Demetrius A. Culver's petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on November 20, 2018. Doc. 1.[1] Culver challenges his 2016 Henry County convictions for first-degree sexual abuse and second-degree burglary. The Magistrate Judge recommends that his petition be denied and dismissed as time-barred by AEDPA's one-year statute of limitations, 28 U.S.C. § 2244(d).

## I. BACKGROUND

On April 4, 2016, Culver pled guilty in the Henry County Circuit Court to first-degree sexual abuse and second-degree burglary. Doc. 16-8 at 3; Doc. 16-9 at 2. On that same date, the trial court sentenced Culver to 15 years in prison for the sexual-abuse conviction and 20 years in prison for the burglary conviction, the sentences to run concurrently. Doc. 16-8 at 3–4; Doc. 16-9 at 2–3. On April 20, 2016, Culver moved to

---

[1] References to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk. Pinpoint citations are to the page of the electronically filed document in the Court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

withdraw his guilty plea. Doc. 16-8 at 4; Doc. 16-9 at 3. The motion was set for a hearing, but on September 2, 2016, Culver withdrew his motion to withdraw his guilty plea. Doc. 16-8 at 5; Doc. 16-9 at 4; Doc. 16-10. Culver did not appeal his convictions or file a post-conviction petition challenging his convictions.

Culver filed this § 2254 petition on November 20, 2018.[2] Doc. 1 at 11. He presents claims that (1) he was denied his right to an appeal, (2) he received ineffective assistance of counsel, (3) his guilty plea was involuntary, and (4) his indictment was void. Doc. 1 at 7–9. Respondents answer that Culver's petition is time-barred under AEDPA's one-year limitation period. Doc. 16 at 3–6. The Court agrees.

## II.   DISCUSSION

A.   **AEDPA's Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a one-year statute of limitations for filing a § 2254 petition. Title 28 U.S.C. § 2244(d) of AEDPA states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] Culver filed his § 2254 petition in the United States District Court for the Southern District of Alabama. The Clerk of Court stamped his petition as "Filed" on December 3, 2018. Doc. 1 at 1. Culver represents that he signed the petition on November 20, 2018, and that is the presumptive date of its delivery to prison authorities for mailing. Applying the prison mailbox rule, the Court deems Culver's petition to have been filed on November 20, 2018. The U.S. District Court for the Southern District of Alabama transferred his petition to this Court under 28 U.S.C. § 1631 on January 1, 2019. Doc. 3.

>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B.     Analysis of Timeliness**

Under 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year limitation period runs from the date on which a petitioner's state court judgment becomes final, either "by the conclusion of direct review or the expiration of the time for seeking such review." *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006) (quoting § 2244(d)(1)(A)).

Here, Culver withdrew his motion to withdraw his guilty plea on September 2, 2016. After that, he did not file an appeal during the 42-day period to appeal his convictions. *See* Ala. R. App. P. 4(b)(1). Therefore, under § 2244(d)(1)(A), AEDPA's one-year limitation period began to run 42 days after September 2, 2016, i.e., on October 14, 2016. Absent statutory or equitable tolling, Culver then had until October 16, 2017 (the first business day after Saturday, October 14, 2017), to file his § 2254 petition.

Under 28 U.S.C. § 2244(d)(2), AEDPA's one-year limitation period is tolled during the pendency in the state courts of a properly filed state petition challenging the petitioner's conviction and sentence. Because Culver filed no state post-conviction petition challenging his convictions, he is entitled to no tolling under § 2244(d)(2). The provisions of 28 U.S.C. § 2244(d)(1)(B) through (D) also provide no safe harbor for Culver by affording a different triggering date so that AEDPA's limitation period commenced on some date later than October 14, 2016, or expired on some date later than October 16, 2017. There is no evidence that an unlawful state action impeded Culver from filing a timely § 2254 petition, *see* 28 U.S.C. § 2244(d)(1)(B), and Culver submits no ground for relief with a factual predicate not discoverable earlier with due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). Culver also presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C).

The controlling limitation period for Culver's § 2254 petition is the one in 28 U.S.C. § 2244(d)(1)(A). Under that provision, AEDPA's statute of limitations expired on October 16, 2017. Culver filed his § 2254 petition on November 20, 2018—over one year after the limitation period expired. Therefore, his petition is untimely.

The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his

4

rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). Culver offers the Court no basis for applying equitable tolling. Consequently, he is not entitled to equitable tolling, and his petition is time-barred by AEDPA's statute of limitations.

The AEDPA statute of limitations can be overcome by a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013). Habeas petitioners asserting actual innocence as a gateway to review of defaulted or time-barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). The standard exacted by the Supreme Court in *Schlup* "is demanding and permits review only in the "extraordinary" case." *House v. Bell*, 547 U.S. 518, 538 (2006). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998). In *Schlup*, the Supreme Court stated:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Culver appears to assert his actual innocence as a gateway to review of the claims in his time-barred § 2254 petition. Doc. 22 at 7–8. However, he does no more than assert

his innocence while pointing to no new reliable evidence to support a claim of actual innocence. Culver therefore fails to satisfy the actual-innocence exception to the habeas statute's time-bar as articulated in *Schlup*. Because the actual-innocence exception does not apply to Culver, the claims in his time-barred § 2254 petition are not subject to federal habeas review.

### III.   CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS that Culver's § 2254 petition be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

Additionally, it is ORDERED that the parties shall file any objections to this Recommendation by **October 27, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 13th day of October, 2021.

        /s/  Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE